BROWN and others, Appellants, vs. SCOTT, Respondent.

*December 2 — December 17, 1895.*

*Brokers: Sale of land owned by tenants in common: Commissions.*

Real estate brokers who were employed by one of several tenants in common to find a purchaser for their land, and who brought about a sale, are not entitled to a commission thereon from another of the cotenants who had not authorized such employment and, until after the sale was completed, neither knew that they were rendering or had rendered him any services nor had any knowledge of facts which should have put him upon inquiry.

APPEAL from a judgment of the circuit court for Lincoln county: CHAS. V. BARDEEN, Circuit Judge. *Affirmed.*

This action was brought to recover certain commissions claimed to be due plaintiffs, as brokers, upon a sale of pine land. A jury was waived and the cause tried before the court. The trial judge found as facts that the plaintiffs, as

partners, carried on a general law and real estate business
at Wausau; that the defendant, *W. A. Scott*, jointly with
T. B. Scott and E. J. Anderson, owned the real estate in
question in equal undivided interests; that as early as 1891
said three owners agreed among themselves to sell the land
if a satisfactory price could be obtained, and all together
agreed that Anderson and *W. A. Scott* should make active
efforts to sell, and in case of a sale by one he should not
charge his co-owners any commission therefor; that T. B.
Scott was not expected to give any attention to the selling;
that E. J. Anderson (who lived at Wausau) was an illiterate
man, and possessed large property interests, needing consid-
erable business attention; that plaintiffs were, and for some
years had been, Anderson's regular attorneys and, to a
considerable extent, his business agents; that Anderson was
in the habit of having many of his business letters written
by plaintiffs on plaintiffs' letter heads, and seldom wrote any
himself; that defendant, *W. A. Scott*, was well acquainted
with these facts and relations; that defendant was not a
client of plaintiffs; that during the year 1891 and first
quarter of 1892 defendant and Anderson made efforts to
sell said lands, each giving to proposed purchasers at differ-
ent times during that period one or more options to pur-
chase the same; that the letters and other writings on be-
half of E. J. Anderson received by the defendant, relating to
such efforts to sell, were written by plaintiffs, under Ander-
son's directions, in the usual manner of his correspondence,
but plaintiffs did not themselves make any efforts to secure
a purchaser until sometime in May, 1892; that in May
plaintiffs requested said Anderson to allow them to try to
find a purchaser for said land, and said Anderson gave them
authority to do so on his behalf; that plaintiffs entered into
negotiations with the Paine Lumber Company, which re-
sulted in a sale to the Paine Lumber Company, which was
satisfactory to the owners, and was consummated July 31,

Brown and others vs. Scott.

1893; that defendant had no knowledge, prior to the complete execution and delivery of the contract for said sale, that the plaintiffs were employed by Anderson as brokers to make said sale, nor that they were the procuring cause of the same, nor that they intended to claim any commission on such sale, nor that they were acting in any other capacity than as Anderson's attorneys and advisers, and there was nothing in any acts of the plaintiffs which came to defendant's knowledge prior to the perfecting of said sale that should have informed defendant, or led him to suppose, that the relations of the plaintiffs to said Anderson and to the sale of said lands had in any way changed from what they had been prior to May, 1892; that in July, 1892, when the terms of sale had been agreed on, defendant and Anderson went together to the plaintiffs' office, and employed plaintiffs to draw up the contract upon said sale, which was done, and plaintiffs paid out $21.15 for an abstract of the property; that two thirds of the cost of the abstract and of the value of plaintiffs' services of drawing the contract had been paid by Anderson and T. B. Scott; that defendant had duly offered, in writing, to allow judgment to be taken against him for the sum of $20, with costs, which offer had not been accepted by plaintiffs.

As conclusions of law the court found that the plaintiffs were entitled to recover one third of the cost of the abstract, and one third of the value of plaintiffs' services in drawing the contract, with interest, amounting in all to $16.95; that the defendant was entitled to recover his costs since the offer of judgment. These costs amounted to $32.45, and judgment was thereupon directed for the defendant for $15.50, being the excess of costs over and above the sum allowed to the plaintiffs. From this judgment plaintiffs appeal.

For the appellants there was a brief by *Brown & Pradt*, and oral argument by *Neal Brown*. They contended, *inter*

*alia*, that when defendant accepted this contract and its benefits he ratified all that had been done in his behalf. *Gurrey v. Stadler*, 67 Wis. 512; *Shelton v. Johnson*, 40 Iowa, 84; *Bartlett v. Sparkman*, 95 Mo. 136; *McCrary v. Ruddick*, 33 Iowa, 521; Mechem, Agency, §§ 128, 174, 175, 177, 602, 693, 697; *Wilson v. Dame*, 58 N. H. 392; *Eggleston v. Boardman*, 37 Mich. 14; *Blantin v. Whitaker*, 11 Humph. 313; *Sheldon v. Sheldon*, 3 Wis. 699; *Szymanski v. Plassan*, 20 La. Ann. 90, 96 Am. Dec. 382; *Flower v. Jones*, 7 Mart. N. S. 143; *Mahony v. Ungrich*, 14 N. Y. Supp. 375; *Lamson v. Sims*, 16 Jones & S. 281; *Busch v. Wilcox*, 82 Mich. 336, 21 Am. St. Rep. 563; *Mores v. Ryan*, 26 Wis. 356; *McKenzie v. Nevius*, 22 Me. 138, 38 Am. Dec. 291; Story, Agency, § 389. Defendant had at least sufficient knowledge of the facts to have put him upon inquiry. It is not necessary that he should have had knowledge of all of the facts or of the legal effect of the facts and have ratified the contract by some independent substantive act. *Kelley v. Newburyport & A. H. R. Co.* 141 Mass. 496; Mechem, Agency, § 128; *Saveland v. Green*, 40 Wis. 431; *Austin v. Burroughs*, 62 Mich. 181; *Kickland v. Menasha W. W. Co.* 68 Wis. 34. Anderson had knowledge of all that plaintiffs were doing, and his knowledge as agent of defendant must be imputed to defendant. *Ehrsam v. Mahan*, 52 Kan. 245; *Fintel v. Cook*, 88 Wis. 485. Defendant could not adopt that part of the contract made for him by Anderson which was beneficial to him, and reject that part which was burdensome. *Esterly H. & M. Co. v. Frolkey*, 34 Neb. 110; *Gold v. Serrell*, 26 N. Y. Supp. 5; Mechem, Agency, § 193; *Renwick v. Bancroft*, 56 Iowa, 529; *Rogers v. Empkie H. Co.* 24 Neb. 653; *Elwell v. Chamberlin*, 31 N. Y. 619; *American B. H., O. & S. M. Co. v. Maurer*, 10 Atl. Rep. 762; Story, Agency, §§ 239, 244, 249, 253; *Adams v. Smith*, 19 Nev. 259; *Hurd v. Marple*, 2 Ill. App. 404; *Meehan v. Forrester*, 52 N. Y. 277; Ewell's Evans, Agency, 64. See, also,

Brown and others vs. Scott.

*Holmes v. Holland,* 29 Weekly L. Bul. 115; *Miller v. Tracy,* 86 Wis. 330; *Van Deusen v. Blum,* 18 Pick. 229; *Clark v. Reeder,* 40 Fed. Rep. 513.

For the respondent there was a brief by *Curtis & Reid,* and oral argument by *A. H. Reid.* They cited Clark, Contracts, 779, 783; *Bartholomew v. Jackson,* 20 Johns. 28; *Walton v. Clark,* 54 Minn. 341; *Cummings v. Town of Lake Realty Co.* 86 Wis. 382; *Hand v. Conger,* 71 id. 292, 294; *Rice v. Post,* 78 Hun, 547; *Earle v. Colburn,* 130 Mass. 596; *Shaw v. Graves,* 79 Me. 166; *Tynan v. Dullnig,* 25 S. W. Rep. 465; *Elliott v. Caldwell,* 43 Minn. 357; *Carroll v. Tucker,* 21 N. Y. Supp. 952; *Copeland v. Stoneham T. Co.* 142 Pa. St. 446; *Zeimer v. Antisell,* 75 Cal. 509; *Fish v. Colvin,* 6 N. Y. Supp. 64; Bishop, Contracts, § 1109.

WINSLOW, J. Examination of the record convinces us that the findings of fact are fully supported by the evidence. The only question, therefore, is whether these findings justify the judgment rendered. This question must be answered in the affirmative. The defendant, prior to the consummation of the sale, neither knew that the plaintiffs were rendering or had rendered him any services in the matter, nor did he have knowledge of facts which should have put him upon inquiry or would lead him to suppose that such was the case. When he first obtained knowledge of the facts the contract had been fully completed, and he could not reject the services or return the benefits received if he wished to do so. He had no opportunity, after knowledge of the facts, to choose whether he would reject or accept. A liability cannot be thus imposed. However ungracious the defendant's refusal to pay for valuable services may be, he cannot be compelled to pay for them if they were rendered without his knowledge or consent and without opportunity given him to reject them.

*By the Court.*— Judgment affirmed.